# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| NORRIS R. McCOY, | : | CIVIL ACTION NO. |
| GDC ID # 975123, Case # 552264, | : | 1:15-CV-01794-WSD-JCF |
|    Petitioner, | : | |
| | : | |
|    v. | : | |
| | : | |
| WILLIAM DANFORTH, | : | HABEAS CORPUS |
|    Respondent. | : | 28 U.S.C. § 2254 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Petitioner, a Georgia prisoner, has filed a habeas corpus petition, 28 U.S.C. § 2254, challenging his convictions and three life sentences for armed robbery, as well as his lesser sentences for kidnapping and burglary, which he received in the Superior Court of Fulton County in May 2004.  (Doc. 1; *see* Doc. 7-1 at 1; Doc. 8-2 at 1-2). Because Petitioner's federal habeas petition is time-barred, it is **RECOMMENDED** that Respondent's Motion To Dismiss Petition As Untimely (Doc. 7) be **GRANTED**, the petition be **DISMISSED**, and Petitioner be **DENIED** a certificate of appealability.

## I.  Procedural History

On April 16, 2007, in a joint appeal filed by Petitioner and his co-defendant, the Court of Appeals of Georgia affirmed Petitioner's convictions and sentences.  *McCoy v. State*, 645 S.E.2d 608 (Ga. Ct. App. 2007).  Petitioner did not seek further direct

review in the Supreme Court of Georgia.  (*See* Doc. 1 at 2).  On March 21, 2008, Petitioner filed a state habeas petition in the Superior Court of Tattnall County.  (Doc. 8-1).  On February 15, 2012, the state habeas court denied the petition.[1]  (Doc. 8-2).  On April 20, 2015, the Supreme Court of Georgia denied as untimely Petitioner's application for a certificate of probable cause ("CPC") to appeal that denial:

> The habeas court denied petitioner's petition for a writ of habeas corpus by order dated February 15, 2012. Petitioner did not file a notice of appeal, however, and did not file his application for a certificate of probable cause to appeal until November 10, 2014, which was well outside the 30 days allowed by OCGA § 9-14-52(b). As the application is therefore untimely, it hereby is dismissed, *see Fullwood v. Sivley*, 271 Ga. 248 (517 SE2d 511) (1999).
>
> The Court notes, however, that petitioner claims he did not receive the habeas court's order until after a 2014 inquiry into the status of his case. Petitioner's remedy if he did not timely receive the order is to file

_____

[1]The state habeas court held as follows:

Notwithstanding[] the Court's determination that Petitioner received the benefit of effective assistance of counsel, the Court finds that Petitioner's claims of ineffective assistance of counsel, prosecutorial misconduct and the claim of miscarriage of justice are all procedurally defaulted in that they could have been timely raised at trial and on direct appeal, but were raised for the first time in the [state] habeas petition. O.C.G.A. §9-14-48(d); *Todd v. Turpin*, 268 Ga. 820, 824, 493 S.E.2d 900 (1997). The Court finds that Petitioner failed to establish cause as to why these claims were not raised at trial and or direct appeal. Moreover, the Petitioner has not demonstrated that he suffered actual prejudice. Because the record reflects no evidence of a miscarriage of justice, this claim lacks merit and provides no basis for relief.

(Doc. 8-2 at 4).

2

a motion to set aside the order in the habeas court, *see Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980). If the habeas court finds that it failed in its duty to provide petitioner with timely notice of the final order, it should both set aside the order and re-enter it, after which petitioner can timely pursue an appeal under OCGA § 9-14-52 (b), *see Veasley v. State*, 272 Ga. 837, 838-39 (537 SE2d 42) (2000). All the Justices concur.

(Doc. 8-3).

Petitioner signed and filed his federal habeas petition on May 12, 2015. (Doc. 1 at 8). In it, he raises five grounds for relief:

1.   his trial counsel was ineffective for failing to challenge the prosecutor's withholding of exculpatory evidence, namely, "a composite sketch orchestrated by one victim and admitted into evidence at March 2002 trial, and shown in January 2004 trial (same case)";

2.   the prosecutor withheld exculpatory evidence, namely, two composite sketches, one of which did not fit the description of Petitioner or his co-defendant;

3.   the prosecutor's closing argument was improper when he pointed at the jurors and asked, "Who's next? Is it one of you?";

4.   the prosecutor did not provide timely notice of the State's intention to seek recidivist punishment;

5.   the trial court committed a miscarriage of justice with respect to the prosecutor's improper closing argument and the prosecutor's withholding of exculpatory evidence and also by "abus[ing]" Petitioner's right to be present at his motion-for-new-trial hearing.

(*Id.* at 5-6).

3

Respondent moves to dismiss the petition as untimely because:

1.  Petitioner's convictions became final on April 26, 2007, ten days after the Court of Appeals of Georgia affirmed them on direct appeal;

2.  the one-year federal limitations period ran for 330 days thereafter until Petitioner filed his state habeas petition on March 21, 2008;

3.  because Petitioner filed an untimely CPC application, the federal limitations period began to run again on March 17, 2012, thirty days after the state habeas court denied his petition on February 15, 2012; and

4.  the federal limitations period expired 35 days thereafter, well before Petitioner filed his federal habeas petition on May 12, 2015.

(Doc. 7-1 at 4-6).

In response, Petitioner contends that Respondent's responsive pleadings, including the motion to dismiss his habeas petition as untimely, are themselves untimely because Respondent filed them more than 35 days after the Court mailed its show cause order and his petition to Respondent.  (Doc. 12 at 2, 5; *but see* Doc. 3 (ordering a response within 35 days of Respondent's *receipt* of the order and petition)). Petitioner overlooks not only the difference in time between mailing and receipt but also the 3-day extension afforded to every response to a pleading served by mail, as his petition was served on Respondent.  *See* FED. R. CIV. P. 6(d).  Indeed, Respondent filed responsive pleadings on July 16, 2015, within 37 days after the petition was

4

mailed on June 9, 2015.  Respondent's responsive pleadings were timely filed.[2]

Petitioner next responds to the motion to dismiss by stating that although his state habeas petition was denied on February 15, 2012, he "did not receive notice until April 25, 2014, after writing to the Clerk of Court of Tattnall County to ascertain the status of habeas hearing which was heard on June 25, 2008, which is why Petitioner was deprived of the right to file" a timely notice of appeal and CPC application to appeal the denial of his state habeas petition.  (Doc. 12 at 4-5).  In his attached Motion To Obtain Evidence (Doc. 12 at 11-15), Petitioner states that he "was not apprised of the final order until August, 2014, when he contacted appointed Clerk of court."  (*Id.* at 12).  In his motion, Petitioner seeks copies of the Legal Mail logbook from Smith State Prison for the months of January through July 2012 to establish that he did not receive notice of the state habeas court's final order during that period.  (*Id.* at 13).

## II.   **Petitioner's Habeas Petition Is Time-Barred.**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that an application for federal habeas review of a state court judgment of

---

[2]And to the extent that Petitioner's Declaration for Entry of Default (Doc. 10), based on the alleged untimeliness of Respondent's responsive pleadings, may be construed as a motion for entry of default, that motion is due to be denied for the same reason, and also because default judgment is not contemplated in federal habeas proceedings.  *See Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987).

5

conviction be filed within one year of the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

If the record does not suggest otherwise, and here it does not, the limitations period for a federal habeas petition is triggered by the finality of the judgment of conviction at issue, i.e., "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner obtained appellate review in the Court of Appeals of Georgia, but did not seek certiorari review in the Supreme Court of Georgia, his judgment of conviction became final on April 26, 2007, at the close of the ten-day period for seeking certiorari review

6

after the Court of Appeals of Georgia affirmed his convictions and sentences on April 16, 2007. *See* Ga. Sup. Ct. R. 38 (allowing ten days to file notice of intent to seek certiorari review); *Pugh v. Smith*, 465 F.3d 1295, 1299-1300 (11th Cir. 2006). Absent statutory or equitable tolling, the federal limitations period expired one year later, on April 26, 2008. Petitioner's federal habeas petition is therefore time-barred unless statutory or equitable tolling applies or he can establish his actual innocence based on newly discovered evidence.

### A.     <u>Statutory Tolling</u>

Statutory tolling applies when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner filed a state habeas petition on March 21, 2008, with 36 days left to run on the one-year federal limitations period. After the state habeas court denied the petition on February 15, 2012, Petitioner had 30 days to file a timely CPC application and notice of appeal. *See* O.C.G.A. § 9-14-52(b). Petitioner missed that deadline (*see* Doc. 8-3), and the federal limitations period began to run again on March 16, 2012, at the end of that 30-day period, and expired on April 23, 2012, the first business day after the 36 remaining unexpired days in the

7

federal limitations period had run.[3]  Petitioner filed his federal habeas petition on May 12, 2015, more than three years later.  The petition is untimely unless equitable tolling applies or Petitioner can demonstrate his actual innocence.

**B.    Equitable Tolling**

The Supreme Court of the United States has held that the AEDPA limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).  The Court noted, however, "that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," although "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 649, 653 (citation and internal quotations omitted); *see Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) ("[E]quitable tolling is an extraordinary remedy, [and] it is limited to rare and

---

[3]In *Wade v. Battle*, 379 F.3d 1254 (11th Cir. 2004), the Eleventh Circuit stated that federal courts "must give 'due deference' to the Georgia Supreme Court's procedural determination that [a] CPC [application] was untimely," and on that basis may correctly conclude "that the CPC application was not 'properly filed' under § 2244(d)(2) and did not toll AEDPA's limitation period." *Id.* at 1260 (citing *Stafford v. Thompson*, 328 F.3d 1302, 1305 (11th Cir. 2003), which noted the holdings in *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), that federal courts "are bound by [a] state court's determination that [an] appeal was untimely" and that "a petitioner's state court habeas corpus filing is not 'properly filed' within the meaning of § 2244(d)(2) if the state court has determined that the petitioner's state court filing did not conform with the state's filing deadlines").

8

exceptional circumstances and typically applied sparingly.  Thus, . . . [it] is available only when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." (citation and internal quotations omitted)).  "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308. "To establish diligence, . . . [he] must present evidence showing reasonable efforts to timely file his action." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004).  A petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012).  "And the allegations supporting equitable tolling must be specific and not conclusory." *Id.*; *see Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("Conclusory allegations are simply not enough to warrant a hearing.").

Petitioner suggests, at least, that he is entitled to equitable tolling due to his much-delayed receipt of notice of the denial of his state habeas petition.  But Petitioner's state habeas petition was denied in February 2012, and he first learned of that denial at least two years later, in either April or August 2014—depending on which of his own accounts the Court credits—when apparently for the first time he inquired about the status of his state habeas petition.  (*See* Doc. 12 at 4-5, 12).  But

"[t]o establish diligence, . . . [he] must present evidence showing reasonable efforts to timely file his action." *Dodd*, 365 F.3d at 1282.  An unsupported allegation of a single, much-delayed inquiry regarding the status of Petitioner's state habeas petition is not "evidence showing reasonable efforts to timely file" his federal habeas petition, *id.*, nor is it evidence of the "reasonable diligence" required to warrant equitable tolling.  *See Holland*, 560 U.S. at 653.  Petitioner also does not suggest that he has filed a motion to set aside the state habeas court's order, as instructed by the Supreme Court of Georgia, so that he might then file a timely appeal from that order.  (*See* Doc. 8-3).

## C.   **Actual Innocence**

Finally, even if the limitations period has expired, "actual innocence, if proved, serves as a gateway through which a petitioner may pass," although "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1936 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). "To be credible," a "claim that constitutional error has caused the conviction of an innocent person" must be supported "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

10

evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. To prevail on such a claim, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327; *see Kuenzel v. Comm'r, Ala. Dep't of Corr.*, 690 F.3d 1311, 1314-15, 1318 (11th Cir. 2012) (discussing "*Schlup* gateway" to consideration of procedurally barred claims, which the Supreme Court created to prevent the conviction of a defendant who is actually innocent).

Petitioner has not presented "new reliable evidence" that might support a claim of actual innocence. His federal habeas petition, signed and filed on May 12, 2015, although due no later than April 23, 2012, is untimely by more than three years.

## III.   Certificate of Appealability

A state prisoner must obtain a certificate of appealability (COA) before appealing the denial of his federal habeas petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S.

11

473, 484 (2000) (quotations omitted).  A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)).  Furthermore,

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quotations omitted).  Because jurists of reason would not find it debatable that Petitioner's federal habeas petition is untimely by more than three years and that neither statutory nor equitable tolling nor Petitioner's actual innocence allows review of the merits of his claims, a certificate of appealability is not warranted here.

## IV.   Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Respondent's Motion To Dismiss Petition As Untimely (Doc. 7) be **GRANTED**; that Petitioner's construed motion for entry of default (Doc. 10) and his Motion To Obtain Evidence (Doc. 12 at

AO 72A
(Rev.8/82)

11-15) be **DENIED**; that Petitioner's habeas corpus petition (Doc. 1) be **DISMISSED**

as time-barred; and that Petitioner be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this <u>19th</u> day of <u>August</u>, 2015.

 /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

13