IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NORRIS R. McCOY,

          Petitioner,

v.

WILLIAM DANFORTH,

          Respondent.

1:15-cv-1794-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation ("R&R"), recommending that Respondent William Danforth's ("Respondent") Motion to Dismiss Petition as Untimely [7] ("Motion to Dismiss") be granted, that Petitioner Norris R. McCoy's ("Petitioner") Petition for Writ of Habeas Corpus [1] ("Habeas Petition") be dismissed, and that a certificate of appealability be denied.

## I.     BACKGROUND[1]

On April 16, 2007, in a joint appeal filed by Petitioner and his co-defendant, the Georgia Court of Appeals affirmed Petitioner's convictions and sentences. McCoy v. State, 645 S.E.2d 608 (Ga. Ct. App. 2007).  Petitioner did not file a direct appeal to the Georgia Supreme Court.  (See Pet. [1] at 2).  On March 21, 2008, Petitioner filed a state habeas petition in the Superior Court of Tattnall County.  ([8.1]).  On February 15, 2012, the state habeas court denied the petition.  ([8.2]).

On April 20, 2015, the Georgia Supreme Court denied as untimely Petitioner's application for a certificate of probable cause ("CPC") to appeal the state habeas court's denial.  ([8.3]).  The Georgia Supreme Court wrote:

> The habeas court denied petitioner's petition for a writ of habeas corpus by order dated February 15, 2012.  Petitioner did not file a notice of appeal, however, and did not file his application for a certificate of probable cause to appeal until November 10, 2014, which was well outside the 30 days allowed by OCGA § 9-14-52(b).  As the application is therefore untimely, it hereby is dismissed, see Fullwood v. Sivley, 271 Ga. 248 (517 SE2d 511) (1999).

---

[1]     The facts are taken from the R&R and the record.  The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them.  The Court thus adopts the facts set out in the R&R.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

The Court notes, however, that petitioner claims he did not receive the habeas court's order until after a 2014 inquiry into the status of his case. Petitioner's remedy if he did not timely receive the order is to file a motion to set aside the order in the habeas court, see Cambron v. Camal Ins. Co., 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980). If the habeas court finds that it failed in its duty to provide petitioner with timely notice of the final order, it should both set aside the order and re-enter it, after which petitioner can timely pursue an appeal under OCGA § 9-14-52(b), see Veasley v. State, 272 Ga. 837, 838-39 (537 SE2d 42) (2000). All the Justices concur.

([8.3]).

Petitioner signed and filed his federal habeas petition on May 12, 2015.[2] (Pet. at 8). In it, he raised the following claims: the prosecutor withheld exculpatory evidence, namely two composite sketches, one of which did not fit the description of Petitioner; ineffective assistance of counsel for failure to challenge the prosecutor's withholding of these sketches; the prosecutor's closing argument was improper when he pointed at the jurors and asked, "Who's next? Is it one of you?"; the prosecutor did not provide timely notice of the State's intention to seek recidivist punishment; and the trial court erred with respect to the prosecutor's

---

[2]   The Petition, while docketed on May 18, 2015, is deemed filed on May 12, 2015, the date Petitioner provided his Petition to prison officials for mailing. See Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014); see also Houston v. Lack, 487 U.S. 266, 276 (1988).

closing argument and the prosecutor's withholding of exculpatory evidence. (Id. at 5-6) .

On July 16, 2015, Respondent filed his Motion to Dismiss. In it, he argued that the Habeas Petition should be dismissed as untimely because: Petitioner's convictions became final on April 26, 2007 (ten days after the Georgia Court of Appeals affirmed the convictions on direct appeal); the one-year federal limitations period ran until Petitioner filed his state habeas petition on March 21, 2008; because Petitioner filed an untimely CPC application, the federal limitations period began to run again on March 17, 2012 (thirty days after the state habeas court denied his petition on February 15, 2012); and the federal limitations period expired thirty five (35) days thereafter, years before Petitioner filed his Habeas Petition on May 12, 2015. Petitioner responded that, although his state habeas petition was denied on February 15, 2012, he did not receive notice until April 25, 2014, after writing to the Clerk of Court of Tattnall County. (Resp. [12] at 4-5).[3]

---

[3]  Petitioner also included in his Response a "Motion to Obtain Evidence," in which he seeks the legal mail logbook at Smith State Prison to show that he did not receive the notice in 2012. (Resp. at 11-13). In this motion, Petitioner also claims he did not receive the notice until August 2014. (Id. at 12).

On August 19, 2015, the Magistrate Judge issued his R&R. The Magistrate found that statutory tolling and equitable tolling do not apply to save the Habeas Petition, and Petitioner has not presented "new reliable evidence" that might support a claim of actual innocence. (R&R at 5-11). He also recommended that a certificate of appealability is not warranted. (Id. at 11-12).

On August 31, 2015, Petitioner filed his objections to the R&R [15] ("Objections"). Petitioner repeats his argument that he was "not notified of the final order of state habeas petition that was denied on February 15, 2012." (Obj. at 1-2). He argues that he sent "three letters" to the Clerk of Court of Tattnall County, establishing that he diligently pursued his rights. (Id. at 4).

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which

5

objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

    B.    Analysis

        1.    *Untimeliness*

Though Petitioner appears only to object to the Magistrate's determination regarding equitable tolling, the Court conducts its review of the Magistrate's untimeliness determination *de novo*.[4] 28 U.S.C. § 636(b)(1).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations to filing a habeas corpus action attacking a state conviction. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[4] The Eleventh Circuit has "long embraced the principle that *pro se* briefs should be construed liberally." Pieschacon Quijano v. U.S. Atty. Gen., 460 F. App'x 884, 887 (11th Cir. 2012) (citing Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005)).

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

Because Petitioner obtained appellate review in the Georgia Court of Appeals but did not seek certiorari in the Supreme Court of Georgia, his judgment of conviction became final on April 26, 2007, at the close of the ten-day period for seeking certiorari review after the Georgia Court of Appeals affirmed his convictions and sentences on April 16, 2007.  See Ga. Sup. Ct. R. 38 (allowing ten (10) days to file notice of intent to seek certiorari review); Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2006).  Unless statutory or equitable tolling applies, the federal limitations period expired one year later, on April 26, 2008.

The limitations period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

7

Petitioner filed a state habeas petition on March 21, 2008, thirty six (36) days before the one-year federal limitations period expired. On February 15, 2012, the state habeas court denied his petition, and he had thirty (30) days to file a timely CPC application and notice of appeal. See O.C.G.A. § 9-14-52(b). Petitioner missed this thirty-day deadline, (see [8-3]), and the federal limitations period began to run again on March 16, 2012, the end of that thirty-day period.[5] The Court agrees with the Magistrate's determination that, because Petitioner had thirty six (36) days remaining on the one-year federal limitations period, the federal limitations period expired on April 23, 2012.[6]

The Supreme Court has held that the AEDPA limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," although "[t]he

---

[5] In Wade v. Battle, 379 F.3d 1254 (11th Cir. 2004), the Eleventh Circuit stated that federal courts "must give 'due deference' to the Georgia Supreme Court's procedural determination that [a] CPC [application] was untimely," and on that basis may correctly conclude "that the CPC application was not 'properly filed' under § 2244(d)(2) and did not toll AEDPA's limitation period." Id. at 1260.

[6] April 23, 2012 is the first business day after April 21, 2012, which falls on a Saturday.

diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Id. at 649, 653 (citation and internal quotations omitted); see Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) ("[E]quitable tolling is an extraordinary remedy, [and] it is limited to rare and exceptional circumstances and typically applied sparingly.").

The Magistrate determined that Petitioner provided only an "unsupported allegation of a single, much-delayed inquiry regarding the status of Petitioner's state habeas petition," which did not establish reasonable efforts to timely file or reasonable diligence warranting equitable tolling. (R&R at 10). He also found that Petitioner did not file a motion to set aside the state habeas court's order, as instructed by the Georgia Supreme Court, so that he might then file a timely appeal from that order. (Id. at 10). Petitioner repeats his argument that he was "not notified of the final order of state habeas petition that was denied on February 15, 2012." (Obj. at 1-2). He also argues that he wrote to the Clerk of Court of Tattnall County "three times," establishing that he diligently pursued his rights. (Id. at 4).

Even if the Court credited Plaintiff's argument—raised for the first time in his Objections—that he wrote the Clerk "three times," his Habeas Petition still would be untimely. Petitioner claims he first learned of the state habeas court's

9

denial of his state habeas petition "in either April or August 2014—depending on which of [Petitioner's] own accounts the Court credits." (R&R at 9; [12] at 4-5, 12). Even assuming equitable tolling applies, the Court could toll the federal limitations period until, at the latest, August 2014, the latest date on which he allegedly learned of the denial of his state habeas petition. Plaintiff had thirty six (36) days, the time remaining on his federal limitations period, in which to file his habeas petition. Petitioner did not file his federal Habeas Petition until May 12, 2015, well after the thirty six days he had remaining. Even assuming the Court could find that equitable tolling applies, the Habeas Petition is time-barred.

In any case, the Court agrees with the Magistrate that Petitioner has not established that he has filed a motion to set aside the state habeas court's order, as instructed by the Georgia Supreme Court, so that he might then file a timely appeal from that order. (R&R at 10). To the extent that Petitioner is, in fact, taking steps to comply with the Georgia Supreme Court's instruction, he has not exhausted his state court remedies, and the Court would be required to deny his Habeas Petition

for this reason as well.  See 28 U.S.C. § 2254(b)(1)(A); Ali v. Florida, 777 F.2d 1489, 1490 (11th Cir. 1985).[7]

### 2. *Actual Innocence*

Even if the limitations period has expired, "actual innocence, if proved, serves as a gateway through which a petitioner may pass." McQuiggin v. Perkins, ––– U.S. –––, –––, 133 S. Ct. 1924, 1928 (2103).  A claim that constitutional error has caused the conviction of an innocent person must be supported with "new reliable evidence" that was not presented at trial.  Schlup v. Delo, 513 U.S. 298, 324 (1995).  The Magistrate Judge found that Petitioner has not presented "new reliable evidence" that might support a claim of actual innocence.  (R&R at 11).  Petitioner did not object to this finding.  The Court does not find any plain error in the Magistrate Judge's finding and recommendation.  See Slay, 714 F.2d at 1095.

### 3. *Certificate of Appealability*

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). When a district court has denied a habeas petition on procedural grounds without

---

[7]     Because Petitioner's claims are time-barred, the Court denies his "Motion to Obtain Evidence."

reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The Magistrate Judge concluded that the decisive procedural issue, untimeliness, was not debatable, and that a COA should not be issued. The one-year limitations period expired before Petitioner filed his Habeas Petition, rendering statutory tolling inapplicable, and even if Petitioner could establish that the extraordinary remedy of equitable tolling applies, his Petition would still be untimely. The Court does not find any plain error in the Magistrate Judge's determination that a COA should not be issued. See Slay, 714 F.2d at 1095.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Norris R. McCoy's ("Petitioner") Objections [15] to the Final Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation [13] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Respondent William Danforth's Motion to Dismiss Petition as Untimely [7] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus [1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Obtain Evidence [12] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 5th day of November, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE